IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED OPTICAL TRACKING, LLC, | § § | Civil Case No. _____ |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| VERBATIM AMERICAS, LLC, VERBATIM CORPORATION, MITSUBISHI KAGAKU MEDIA CO., LTD., MITSUBISHI CHEMICAL CORPORATION, and MITSUBISHI CHEMICAL HOLDINGS CORPORATION, | § § § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Advanced Optical Tracking, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendants Verbatim Americas, LLC ("Verbatim Americas"), Verbatim Corporation ("Verbatim Corp."), Mitsubishi Kagaku Media Co., LTD. ("Mitsubishi Kagaku"), Mitsubishi Chemical Corporation ("Mitsubishi Chemical") and Mitsubishi Chemical Holdings Corporation ("Mitsubishi Holdings"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Advanced Optical Tracking, LLC ("AOT") is a Delaware limited liability company with a place of business at 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

1

3. Upon information and belief, Defendant Verbatim Americas, LLC ("Verbatim Americas") is a corporation organized under the laws of Delaware with a principal place of business at 1200 West W.T. Harris Blvd., Charlotte, North Carolina 28262. On information and belief, Verbatim Americas is a wholly owned subsidiary of Verbatim Corporation.

4. Upon information and belief, Defendant Verbatim Corporation ("Verbatim Corp.") is a corporation organized under the laws of California with a principal place of business at 1200 West W.T. Harris Blvd., Charlotte, North Carolina 28262. On information and belief, Verbatim Corp. is a wholly owned subsidiary of Mitsubishi Kagaku Media Co., LTD.

5. Upon information and belief, Defendant Mitsubishi Kagaku Media Co., LTD. ("Mitsubishi Kagaku") is a corporation organized under the laws of Japan with a principal place of business at 1-23 Shiba 4-chome, Minato-ku, Tokyo 108-8415 Japan. On information and belief, Mitsubishi Kagaku is a subsidiary of Mitsubishi Chemical Corporation.

6. Upon information and belief, Defendant Mitsubishi Chemical Corporation ("Mitsubishi Chemical") is a corporation organized under the laws of Japan with a principal place of business at 14-1 Shiba 4-chome, Minato-ku, Tokyo 108-0014 Japan. On information and belief, Mitsubishi Chemical is a subsidiary of Mitsubishi Holdings Corporation.

7. Upon information and belief, Defendant Mitsubishi Chemical Holdings Corporation ("Mitsubishi Holdings") is a corporation organized under the laws of Japan with a principal place of business at 14-1 Shiba 4-chome, Minato-ku, Tokyo 108-0014 Japan.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

10. On information and belief, Defendants Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings are subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District, and by virtue of their regularly conducted and systematic business contacts in this State.  As such, Defendants Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PATENT-IN-SUIT

11. On January 24, 2006, U.S. Patent No. 6,990,058 (the "'058 Patent"), entitled "Structure and Method for Storing Data on Optical Disks," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

12. AOT is the assignee and owner of the right, title and interest in and to the '058 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,990,058

13. The allegations set forth in the foregoing paragraphs 1 through 12 are hereby realleged and incorporated herein by reference.

## VERBATIM AMERICAS

14. In violation of 35 U.S.C. § 271, Verbatim Americas has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '058 Patent (the "'058 Accused Products"), including but not limited to claim 1, without the authority of AOT. The '058 Accused Products include, without limitation, Blu-Ray Recordable (BD-R) and Blu-Ray Rewritable (BD-RE) discs, including but not limited to Verbatim-branded BD-R discs and BD-RE discs.

15. AOT provided actual notice to Verbatim Americas of its infringement of the '058 Patent in a letter sent by certified mail on September 19, 2012.

16. Verbatim Americas has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Verbatim Americas received the September 19, 2012 letter.

17. Upon information and belief, Verbatim Americas has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Verbatim Americas's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent. In particular, Verbatim Americas's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products. On information and belief, Verbatim Americas has engaged in such actions with specific intent to

cause infringement or with willful blindness to the resulting infringement because Verbatim Americas has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Verbatim Americas that the '058 Accused Products infringed the '058 Patent.

18. AOT has been harmed by Verbatim Americas's infringing activities.

19. AOT provided notice of infringement of the '058 Patent to Verbatim Americas, but Verbatim Americas thereafter continued to infringe the patent. On information and belief, Verbatim Americas's infringement has been and continues to be willful.

## VERBATIM CORP.

20. In violation of 35 U.S.C. § 271, Verbatim Corp. has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

21. AOT provided actual notice to Verbatim Corp. of its infringement of the '058 Patent in a letter sent by certified mail on September 19, 2012.

22. Verbatim Corp. has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Verbatim Corp. America received the September 19, 2012 letter.

23. Upon information and belief, Verbatim Corp. has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Verbatim Corp.'s suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States,

and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Verbatim Corp.'s actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Verbatim Corp. has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Verbatim Corp. has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Verbatim Corp. that the '058 Accused Products infringed the '058 Patent.

24. AOT has been harmed by Verbatim Corp.'s infringing activities.

25. AOT provided notice of infringement of the '058 Patent to Verbatim Corp., but Verbatim Corp. thereafter continued to infringe the patent.  On information and belief, Verbatim Corp.'s infringement has been and continues to be willful.

## MITSUBISHI KAGAKU

26. In violation of 35 U.S.C. § 271, Mitsubishi Kagaku has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

27. AOT provided actual notice to Mitsubishi Kagaku of its infringement of the '058 Patent in a letter sent by international mail on September 19, 2012.

28. Mitsubishi Kagaku has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Mitsubishi Kagaku received the September 19, 2012 letter.

29.     Upon information and belief, Mitsubishi Kagaku has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Mitsubishi Kagaku's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Mitsubishi Kagaku's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Mitsubishi Kagaku has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Mitsubishi Kagaku has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Mitsubishi Kagaku that the '058 Accused Products infringed the '058 Patent.

30.     AOT has been harmed by Mitsubishi Kagaku's infringing activities.

31.     AOT provided notice of infringement of the '058 Patent to Mitsubishi Kagaku, but Mitsubishi Kagaku thereafter continued to infringe the patent.  On information and belief, Mitsubishi Kagaku's infringement has been and continues to be willful.

## MITSUBISHI CHEMICAL

32.     In violation of 35 U.S.C. § 271, Mitsubishi Chemical has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

33. AOT provided actual notice to Mitsubishi Chemical of its infringement of the '058 Patent in a letter sent by international mail on September 19, 2012.

34. Mitsubishi Chemical has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Mitsubishi Chemical received the September 19, 2012 letter.

35. Upon information and belief, Mitsubishi Chemical has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Mitsubishi Chemical's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Mitsubishi Chemical's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Mitsubishi Chemical has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Mitsubishi Chemical has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Mitsubishi Chemical that the '058 Accused Products infringed the '058 Patent.

36. AOT has been harmed by Mitsubishi Chemical's infringing activities.

37. AOT provided notice of infringement of the '058 Patent to Mitsubishi Chemical, but Mitsubishi Chemical thereafter continued to infringe the patent.  On information and belief, Mitsubishi Chemical's infringement has been and continues to be willful.

**MITSUBISHI HOLDINGS**

38. In violation of 35 U.S.C. § 271, Mitsubishi Holdings has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

39. AOT provided actual notice to Mitsubishi Holdings of its infringement of the '058 Patent in a letter sent by international mail on October 9, 2012.

40. Mitsubishi Holdings has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Mitsubishi Holdings received the October 9, 2012 letter.

41. Upon information and belief, Mitsubishi Holdings has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Mitsubishi Holdings's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Mitsubishi Holdings's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Mitsubishi Holdings has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Mitsubishi Holdings has had actual knowledge of the '058 Patent and that its acts were inducing others to

infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Mitsubishi Holdings that the '058 Accused Products infringed the '058 Patent.

42. AOT has been harmed by Mitsubishi Holdings's infringing activities.

43. AOT provided notice of infringement of the '058 Patent to Mitsubishi Holdings, but Mitsubishi Holdings thereafter continued to infringe the patent. On information and belief, Mitsubishi Holdings's infringement has been and continues to be willful.

## JURY DEMAND

AOT demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** AOT prays for judgment as follows:

a. An adjudication that Defendants Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings have infringed the '058 Patent;

b. An award of damages to be paid by Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings adequate to compensate AOT for Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings past infringement of the '058 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Verbatim Americas, Verbatim Corp., Mitsubishi Kagaku, Mitsubishi Chemical and Mitsubishi Holdings pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding AOT attorney fees under 35 U.S.C. §285; and

  f. For such further relief at law and in equity as the Court may deem just and proper.

Dated:  December 11, 2012    STAMOULIS & WEINBLATT LLC

               */s/ Richard C. Weinblatt*
               Stamatios Stamoulis #4606
                  stamoulis@swdelaw.com
               Richard C. Weinblatt #5080
                  weinblatt@swdelaw.com
               Two Fox Point Centre
               6 Denny Road, Suite 307
               Wilmington, DE 19809
               Telephone: (302) 999-1540

               *Attorneys for Plaintiff*
               *Advanced Optical Tracking, LLC*